## THE COMFORT.[1]

*(District Court, E. D. New York.   May 8, 1885.)*

LIEN FOR REPAIRS—NON-RESIDENT OWNER—PRESUMPTION.
   The fact that the owner of a vessel was a non-resident of the state of New
   York at the time necessary repairs on her were made at New York, raised a
   presumption that they were done on the credit of the vessel. This presumption
   was strengthened by the fact that they were charged to the vessel at the time
   they were done, and is not overthrown by the fact that the libelants, when they
   undertook the repairs, did not know where the owner resided; nor by the fact
   that they were made at the request of the owner's agent in New York; nor by
   the fact that 90 days were given the owner in which to pay for them; nor by
   the fact that nothing was said about a lien.    On the evidence it was *held* that
   the weight of evidence was that the repairs were not done in an unskillful
   manner, and the libelants, who had brought suit for the amount of the repairs,
   were entitled to a decree.

In Admiralty.
*Wilcox, Adams & Macklin*, for libelants.
*Roger M. Sherman*, for claimant.

BENEDICT, J.   This is a proceeding to enforce a lien upon the yacht
Comfort for certain repairs, consisting in putting a mass of lead into
the keel in place of iron that had been carried away.   The work was
done in August, 1884, at the city of New York, and it is conceded that
at the time the owner of the vessel was a non-resident of the state of
New York.   One principal defense is that the work was done upon
the personal credit of the master of the yacht.   Another defense is
that the work was done in an unskillful manner.   The conceded fact
that the yacht was owned by a non-resident of the state of New York
at the time of the repairs raises a presumption that the repairs were
done upon the credit of the vessel.   *The Belfast*, 7 Wall. 643.   This
presumption is strengthened in this case by the fact that the repairs
were charged to the vessel at the time they were done.   It is not over-
thrown by the fact that the libelants, C. & R. Poillon, when they un-
dertook the repairs, did not know where the owner of the yacht resided;
nor by the fact that in a letter to the libelants from Roger M. Sherman,
a counselor at law having an office in New York city, inquiring whether
the libelants would repair the vessel, Mr. Sherman wrote: "I have in
my charge a modified cutter yacht, the Comfort, enrolled in the Sea-
wanhaka Yacht Club; the owner wishes to substitute a lead keel," etc.;
nor by the fact that 90 days were given the owner in which to pay
for the repairs; nor by the fact that some time after the work had
been done the libelants asked Mr. Sherman to give his note for the
bill, which he did not do.   The answer does not set up that the work
was done on the credit of Mr. Sherman.   It does aver that the work
was done on the credit of the master of the vessel, but no proof has
been offered in support of that averment.   Upon the proofs, therefore,

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

it seems clear that a lien upon the vessel was created by the doing of the repairs in question.

As to the other defense, that the work was done in an unskillful manner, the weight of evidence is in favor of the libelants. It cannot be inferred that the lead was improperly fastened, from the fact that part was twisted off by the yacht's getting aground; nor does the present condition of the lead removed from the vessel warrant the conclusion that the work was unskillfully done, in the face of positive testimony to the contrary. Moreover, the objection that the work was unskillfully done was not made until a late day.

Under such proofs the decree must be for the libelants for the amount of the bill, with interest to the date of the decree, and the costs.